UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MARCUS DILLARD                                                                    PLAINTIFF

v.                                               CIVIL ACTION NO.  4:20-CV-P185-JHM

HENDERSON COUNTY DETENTION CENTER                            DEFENDANT

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought by Plaintiff Marcus Dillard.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff was formerly incarcerated as a federal pretrial detainee at Henderson County Detention Center (HCDC) which he names as the only Defendant in this action.

Plaintiff alleges that during the time he was incarcerated at HCDC he was denied breathing treatments for his asthma.  He states that the physician at HCDC told him that he would not provide him breathing treatments until he had an asthma attack.  Plaintiff states that when he did have an asthma attack he received "two treatments" and "80 mg of prevnozone."

Plaintiff also complains that after he was transferred to another facility he received a bill for his "stay" at HCDC and for the chronic care medication he received while he was incarcerated there even though the "federal government" covered these costs.

As relief, Plaintiff seeks damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a

2

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Deliberate Indifference to A Serious Medical Need

When a medical-care claim is asserted by a pretrial detainee, the claim is analyzed under the Due Process Clause of the Fourteenth Amendment. *Griffith v. Franklin Cty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018)). Although the Supreme Court has eliminated the subjective prong of excessive-force claims brought by pretrial detainees, *see Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Sixth Circuit continues to apply "the same 'deliberate indifference' framework" to medical-care claims brought by pretrial detainees under the Fourteenth Amendment that applies to Eighth Amendment claims brought by convicted prisoners. *Griffith*, 975 F.3d at 567; *see also McCain*

*v. St. Clair Cty.*, 750 F. App'x 399, 403 (6th Cir. 2018); *Medley v. Shelby Cty.*, 742 F. App'x 958, 961 (6th Cir. 2018).

To prevail on an Eighth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must establish both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id.* (citation omitted). The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id.* In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). The subjective component of a deliberate indifference claim "'is meant to prevent the constitutionalization of medical malpractice claims.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Courts generally agree that the diagnosis of asthma alone is not enough to establish a sufficiently serious medical need under the Eighth Amendment. "Instead, courts look to the seriousness of the condition at the times of the events alleged in the complaint." *Crosby v. Perry*, 4:09-CV-139 (CDL), 2010 U.S. Dist. LEXIS 58274, at *20 (M.D. Ga. June 14, 2010) (citing *Williams v. Rodriguez*, 509 F.3d 392, 401-02 (7th Cir. 2007) (holding that while arrestee

suffered from chronic asthma that had required trips to the emergency room in the past, at the time of his traffic stop his asthma was not objectively serious, as he was not "exhibiting physical symptoms reflective of an asthma attack" and there was no evidence that he was unable to control his breathing without immediate medical assistance); *Harris v. Anderson*, No. 2:07-CV-186, 2009 U.S. Dist. LEXIS 55342, at *11-12 (E.D. Tenn. June 26, 2009) (holding that the plaintiff failed to show that his asthma constituted a serious medical need because he did not allege that he was having an asthma attack at the time of the defendants' questioned conduct); *Patterson v. Lilley*, No. 02 Civ. 6056 (NRB), 2003 U.S. Dist. LEXIS 11097, at *12 (S.D.N.Y. 2003) ("The existence of the condition is distinct from the situation in which an inmate is suffering an actual attack."); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 292 (S.D.N.Y. 2001) (holding that asthma is not sufficiently serious to warrant Eighth Amendment protection in the absence of an attack or symptoms of an attack); *cf. Ennis v. Davis*, No. 87 Civ 1465, 1990 U.S. Dist. LEXIS 10500 (S.D.N.Y. Aug. 15, 1990) (denying a motion for summary judgment based on prison official's refusal to provide an inmate his asthma medication during an actual attack).

In light of this jurisprudence, the Court concludes that Plaintiff has failed to state a constitutional claim based upon the medical care he received. Although Plaintiff states that he did not receive treatment for his asthmatic "condition," he does allege that he received treatment when he actually suffered from an asthma attack. The Court, therefore, will dismiss this claim for failure to state a claim upon which relief may be granted.

### B.  Improper Charges

The Court next turns to Plaintiff's allegations that he was improperly charged for the time he was housed at HCDC and for the medication he received while there. The Court construes

this as a claim brought under the Due Process Clause of the Fourteenth Amendment.  The

Supreme Court has held that where adequate remedies are provided by state law, the negligent or

intentional loss or destruction of personal property does not state a claim cognizable claim under

the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S.

527, 101 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

In order to assert a constitutional claim for the deprivation of property, a plaintiff must allege

that the state post-deprivation procedures are inadequate to remedy the deprivation.  *See Parratt*

*v. Taylor*, 451 U.S. at 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v.*

*Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), the court held that "in § 1983 damage suits

claiming the deprivation of a property interest without procedural due process of law, the

plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."

The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within

the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, the Court will also dismiss this claim for failure to state a claim upon which relief

may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be

granted.

Date: July 23, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendant
         Henderson County Attorney
4414.011

6